GILLIS CHIROPRACTIC II, INC., Appellee,

v.

BEDFORD et al., Appellants.

[Cite as *Gillis Chiropractic II, Inc. v. Bedford,* 169 Ohio App.3d 55, 2006-Ohio-5213.]

Court of Appeals of Ohio,
Fifth District, Delaware County.

No. 06CAE010001.

Decided Sept. 29, 2006.

David C. Barrett Jr., for appellee.

Robert M. Owens, for appellants.

FARMER, Judge.

{¶ 1} In March 2004, appellee, Gillis Chiropractic II, Inc., permitted appellants, Charles Bedford and his company, Global Pack and Ship, L.L.C. ("Global"), to enter its premises in contemplation of signing a lease for commercial space. A written lease was never executed.

{¶ 2} On January 7, 2005, appellee filed a complaint in the municipal court against appellants, seeking an eviction due to nonpayment of rent. Appellants filed a counterclaim, claiming promissory estoppel, breach of contract, abuse of process, and slander of credit. On January 27, 2005, appellant Bedford filed a motion to dismiss, claiming that he had never signed as personal guarantor on the lease and therefore he is not liable for any damages.

{¶ 3} A hearing before a municipal court magistrate was held on January 27, 2005. By decision dated January 31, 2005, the magistrate found that (1) appellee had negotiated with appellant Bedford, personally, because Global had not been formed at the time of the discussions, (2) a written lease between the parties did not exist, (3) appellants had no means to pay any further rent, and (4) appellee was entitled to the premises. The trial court adopted the decision on February 2, 2005.

{¶ 4} The remaining issues (appellee's damages and appellants' claims for promissory estoppel, abuse of process, and slander of credit) were transferred to the Court of Common Pleas. On October 28, 2005, appellee filed a motion for summary judgment on appellants' counterclaims. By judgment entry filed December 2, 2005, the trial court granted the motion and found in favor of appellee as against appellants in the amount of $1,850.

{¶ 5} Appellants filed an appeal, and this matter is now before this court for consideration. Assignments of error are as follows:

{¶ 6} 1. "The trial court committed error prejudicial to appellant by first finding that the magistrate's decision of February 2, 2005 was not a sufficient basis with which to dismiss appellee's claims of promissory estoppel, abuse of process or slander of credit and then reversing course and finding that the same decision was an appropriate basis to dismiss said claims."

{¶ 7} 2. "The trial court committed error prejudicial to appellant by failing to dismiss appellee Charles Bedford individually from the action brought by appellee."

{¶ 8} 3. "The trial court committed error prejudicial to appellant by granting inappropriate relief for alleged violations of discovery."

{¶ 9} Appellants claim that the trial court erred in granting summary judgment to appellee. Specifically, appellants claim that (1) there exist genuine issues of material fact, (2) a guarantor cannot be held liable for the debt of another without a specific written contract attesting to such a fact and therefore appellant Bedford should not have been held individually liable, and (3) dismissal of the case for a discovery issue was error. Given the trial court's ruling, all three assignments will be addressed collectively.

{¶ 10} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56:

{¶ 11} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274." *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639.

{¶ 12} As an appellate court reviewing a summary judgment, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court did. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 13} In its judgment entry of December 2, 2005, the trial court granted summary judgment to appellee as follows:

{¶ 14} "The Defendants have failed to file any response to the motion. Upon review of the motion and for good cause shown, it is hereby ordered, adjudged and decreed as follows:

{¶ 15} "1. Plaintiff and Third Party Defendants are granted summary judgment against Defendants as to the claims contained in Defendant's 1st Amended Answer, Counterclaim and Third Party Complaint; and

{¶ 16} "2. Plaintiff Gillis Chiropractic II Inc. is granted judgment on its monetary claim for damages against Defendants, jointly and severally, in the amount of $1,850.00."

{¶ 17} The issue posed by the procedural status of this case is whether a municipal court's fact-finding and decision in the first cause of action for restitution of the premises constitutes law of the case. Can appellee submit the municipal court judgment entry on the eviction as the legally determined facts, thereby sustaining a summary-judgment motion? This issue is compounded by the fact that appellants did not respond to the motion for summary judgment and now argue that their memoranda advanced to defeat a motion to strike was a sufficient response.

{¶ 18} We note that in a June 2, 2005 judgment entry, the trial court acknowledged that the only remaining issues were damages to appellee and appellants' claims of promissory estoppel, abuse of process, and slander of credit. This determination was not appealed.

{¶ 19} The trial court found that the municipal court's findings that appellant had breached a verbal agreement on the rent and had rejected a proposed written lease and that subsequent promises were not made and there was no reasonable reliance, defeated the promissory-estoppel claim. The only item attached to the summary-judgment motion was the municipal court's judgment entry and items relative to discovery. An affidavit as to the amount due was not filed.

{¶ 20} The municipal court's February 2, 2005 judgment entry granted restitution of the premises to appellee, vacated a restraining order, and continued the matter for further proceedings upon the pleadings. The issues that remained were damages to appellee and appellants' counterclaims for promissory estoppel, abuse of process, and slander of credit. The counterclaim for breach of contract was addressed specifically in the municipal court's judgment entry granting restitution of the premises.

{¶ 21} Although many of the facts that were pertinent to the municipal court case are also pertinent here, they require a different legal interpretation. The separation of the writ of restitution from the claims raised in the counterclaim creates the conundrum raised by this appeal. The problem is further compounded by the change of jurisdiction to the common pleas court.

{¶ 22} We hold that it was improper for the court of common pleas to rely on the facts set forth in the municipal court's judgment entry in granting summary judgment on legal issues that were not addressed by the municipal court. Further, no affidavit as to the amount of damages was presented to the trial court.

{¶ 23} We therefore conclude that summary judgment was inappropriate in this case and that additional evidentiary materials are necessary to determine the issues of promissory estoppel, abuse of process, and slander of credit. We are guided in this determination by the fundamental tenet of judicial review in Ohio that courts should decide cases on their merits. *DeHart v. Aetna Life Ins. Co.* (1982), 69 Ohio St.2d 189, 23 O.O.3d 210, 431 N.E.2d 644.

{¶ 24} Because of the nature of the trial court's judgment entry, we hold that the summary judgment ruling was not based upon discovery violations.

{¶ 25} Assignment of errors one and two are granted. Assignment of error three is denied.

{¶ 26} The judgment of the Court of Common Pleas of Delaware County is reversed and the cause is remanded.

Judgment reversed
and cause remanded.

WISE, P.J., and HOFFMAN, J., concur.